UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell T. Washington, | ) | C/A No.  4:25-13045-JFA-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FCI Williamsburg Warden, | ) | Report and Recommendation |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  Petitioner is an inmate at a federal institution serving time on federal sentences.  For the reasons that follow, the undersigned recommends that the Petition be denied.

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the petition is

subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.[1] Following the required initial review, it is recommended that the Petition should be summarily dismissed as Petitioner has failed to state a claim upon which relief could be granted.

Petitioner has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner alleges he is challenging "how [his] sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)." Petitioner adds that FSA eligibility was denied. (ECF No. 1 at 2). Petitioner asserts his 924(c) conviction and sentence must be served first and that he is now "serving the other sentence imposed." Petitioner argues he should now be eligible to receive FTC credits. (ECF No. 1 at 6). Petitioner alleges he has exhausted. (ECF No. 1 at 2). Petitioner's request for relief is for the court to order the BOP to grant eligibility for FTC time credits under the First Step Act. (ECF No. 1 at 7).

Program Statement 5880.28 and 18 U.S.C. § 3584(c) provide that multiple terms of imprisonment regardless if consecutive or concurrent shall be treated for administrative purposes as a single aggregate term of imprisonment.

---

[1] The Rules Governing Section 2254 Cases are also applicable to Section 2241 cases. *See* Rule 1(b) of Rules Governing Section 2254 Cases.

A motion in Petitioner's criminal case was granted in July 2025 and his sentence was changed:

> imprisoned for a total term of Two hundred eleven (211) months; consisting of one hundred fifty-one (151) months as to counts 1 and 23, one hundred twenty (120) months as to count 24, forty-eight (48) months as to counts 34, 42, 44, all to run concurrently to each other and sixty (60) months as to count 25, which shall run consecutively to all counts. Upon release from imprisonment, defendant shall be on supervised release for for a term of Ten (10) years. This term consists of Ten (10) years as to count 1; Eight (8) years as to count 23; Three (3) years as to count 24; Five (5) years as to count 25 and One (1) year for each count as to counts 34, 42 and 44. These terms are to run concurrent with each other; with standard, mandatory, and special conditions of release

No. 3:11-cr-2064-JFA. Petitioner's jury verdict counts were for: Conspiracy to Possess with Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base, Possession with Intent to Distribute 28 Grams or More of Cocaine Base, Felon in Possession of a Firearm, Possession of a Firearm During and in Relation to a Drug Trafficking Crime, and three counts of Use of a Communication Facility to Facilitate the Commission of a Felony. Public records show BOP's current release date is around December 22, 2026.

Based on the relevant statutes, the BOP treats all multiple sentences as a single aggregate sentence for purposes of time credits under the FSA. Because Petitioner's §924(c) sentence is ineligible for FSA time credits, the BOP found him ineligible to earn time credits during the term of the aggregate sentence.

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge

the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *Diaz v. Warden, FCI Edgefield*, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017) (noting a § 2241 petition "is the proper means for a federal prisoner to challenge the BOP's sentencing calculations"). "A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. Lamanna*, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434-435 (2004).

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General. The Attorney General has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once a defendant commences serving his sentence. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Accordingly, the Attorney General, through the BOP, must make the initial determination of sentence credits; a district court does not have the jurisdiction to make an initial determination. *See Vazquez v. Knight*, 2021 WL 1625002, at *2 (D.S.C. Apr. 27, 2021) *citing U.S. v. Jeter*, 161 F.3d 4, at *1 (4th Cir. 1998) (unpublished table decision); *Garcia v. Janson*, 2023 WL 3855377, at *3 (D.S.C. May 1, 2023), *report and recommendation adopted*, 2023 WL 3559697 (D.S.C. May 19, 2023).

The FSA governs the calculation of federal prison sentences. Section 102(b) of the FSA amended 18 U.S.C. § 3624(b), allows federal inmates to earn additional good time credits. *See* P.L. 115-391, § 102(b)(1). The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programming to earn time credits to be applied toward time in pre-release

4

custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). A prisoner is ineligible to receive time credits if the prisoner is serving a sentence for a disqualifying offense. 18 U.S.C. § 3632(d)(4)(D). Relevant here, a "prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction" under "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). The BOP codified its procedures at 28 C.F.R. § 523.41(d), which states that "[a]ny inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is eligible to earn FSA time credits, subject to the exception described in paragraph (d)(2) of this section." Section 523.41(d)(2) explains that if the "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D)," which includes sentences imposed under § 924(c), "the inmate is not eligible to earn FSA time credits." *Id.*, *see also* § 3632(d)(4)(D)(xxii).

Petitioner has multiple sentences running both concurrently and consecutively. 18 U.S.C. § 3584 addresses multiple sentences of imprisonment and specifically provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. §3584(c). The statute § 3632(d)(4)(D) appears to be a mandatory interpretation based on the BOP's other statutory obligations in  18 U.S.C. § 3584(c). Petitioner's multiple terms of imprisonment contained a conviction which eliminated Petitioner's eligibility. Therefore, the BOP found Petitioner ineligible to earn Extra Time Credits under the FSA. A district court addressed this issue in *Walton v. Fikes*, 2023 WL 6283298, at *1–2 (D. Minn. Aug. 10, 2023), *report and recommendation adopted sub nom.*, 2023 WL 6282897 (D. Minn. Sept. 26, 2023), as follows:

Walton argues that only during the 60-month period when he is serving his sentence for the gun offense should he be excluded from earning time credits under the FSA. In the petition for a writ of habeas corpus now before the Court, Walton requests that the Court direct the BOP to apply the FSA time credits that Walton believes he is rightfully owed.

Walton's argument is not facially absurd: Most of the time he has spent and will spend in prison are wholly the result of an offense that is not excluded from eligibility under the FSA, and it is not unreasonable to think that Walton might therefore be eligible to earn FSA time credits for at least some of the period that he spends in prison. The problem for Walton is 18 U.S.C. § 3584(c), which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." As far as this Court can tell, every court to consider the question—and since the time that Walton filed his habeas petition, there have been many courts that have considered the question—has concluded that the effect of § 3584(c) is to exclude prisoners in Walton's situation from eligibility under the FSA. *See, e.g., Teed v. Warden FCI Allenwood*, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 13, 2023); *Wallace v. Knight*, No. 22-CV-6705 (KMW), 2023 WL 4954727, at *1 (D.N.J. Aug. 3, 2023); *Cortez v. Hemingway*, No. 2:22-CV-12234, 2023 WL 4274957, at *2 (E.D. Mich. June 29, 2023); *Patillar v. Goldey*, No. 22-CV-0866, 2023 WL 4307651, at *2-3 (W.D. Okla. May 26, 2023); *Rose v. Yates*, No. 2:22-CV-0214 (BSM/PSH), 2023 WL 3198298, at *2-3 (E.D. Ark. May 2, 2023); *Ledford v. LeMaster*, No. 23-CV-0030, 2023 WL 2905376, at *3 (E.D. Ky. Mar. 28, 2023); *Goodman v. Sage*, No. 4:22-CV-0981, 2022 WL 18028148, at *3 (M.D. Penn. Dec. 30, 2022) (noting that "[t]his argument ... has been consistently rejected by courts within and beyond this district"); *Giovinco v. Pullen*, No. 3:22-CV-1515 (VAB), 2023 WL 1928108, at *2-3 (D. Conn. Feb. 10, 2023).

Among the first of those cases to reach that conclusion arose out of this District. *See Sok v. Eischen*, No. 22-CV-0458 (ECT/LIB), 2022 WL 17156797 (D. Minn. Oct. 26, 2022), *Report and Recommendation adopted by* 2022 WL 17128929 (D. Minn. Nov. 22, 2022). As explained in *Sok*, "[c]ourts have consistently held [in other contexts] that sentence calculation by the BOP and the BOP's administration of incentives which reduce the length of a prisoner's term of imprisonment are administrative functions of the BOP subject to § 3584(c)." *Sok*, 2022 WL 17156797, at *5 (citing cases employing similar logic to issues concerning the BOP's administration of the Residential Drug Abuse Treatment Program). Applying the FSA to sentence calculations, explained *Sok*, is an administrative task, and the BOP is bound by § 3584(c) in applying the FSA.
. . .
Because Walton's claim challenges the administration of a sentence, the Court must look to § 3584(c) to determine how the sentence is to be treated. And under §

6

3584(c), consecutively imposed sentences "shall be treated for administrative purposes as a single, aggregate term of imprisonment."
. . .
Walton argues that under BOP Policy Statement 5880.28, "[a]ll counts in a single [judgment and conviction] shall be served in the order imposed by the court," and the BOP's aggregation of his sentences is inconsistent with this policy statement. This argument fails as well. As an initial matter, even if BOP Policy Statement 5880.28 did contradict § 3584(c), it would be the statute, not the policy statement, that would control. But BOP Program Statement 5880.28 itself goes on to state that "reference to a 924/non-924 sentence, in a single [judgment and conviction], means that the counts have been aggregated into a single sentence ... as required by 18 U.S.C. § 3584(c)." In other words, BOP Policy Statement 5880.28 covers Walton's precise situation and explains that the sentence is to be treated as aggregated, consistent with § 3584(c).

*Walton v. Fikes*, 2023 WL 6283298, at *1–2 .

In another case, *Mancillas v. Federal Bureau of Prisons*, 2023 WL 5404229, at *5 (D. Md. Aug. 22, 2023), petitioner was serving a three-year term of supervised release for Possession of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c) when he was charged with Conspiracy to Possess with Intent to Distribute 5 kilograms or More of Cocaine for which he was sentenced to 204 months' imprisonment. His supervised release was revoked and he was sentenced to a 24-month term of imprisonment, ordered to run concurrently with any other sentence. The BOP determined Mancillas was ineligible for ETCs under the FSA because of his §924(c) conviction. Mancillas argued his sentences should be treated as distinct sentences for the purpose of eligibility for ETCs, but his sentences were aggregated by the BOP precluding him from earning ETCs under FSA based on his conviction under §924(c). The court in *Mancillas* found that "the BOP has clarified in Program Statement 5880.28, Sentence Computation Manual, that 'SRA [Sentencing Reform Act] sentences, including a term of imprisonment that results from a revocation of supervised release or probation, shall be aggregated to form a single sentence for computation

7

purposes.'" The petitioner in *Mancillas* argued there was ambiguity as to what was meant by "serving a sentence" for certain convictions. The court concluded that " . . . even when the sentence stemming from the §924(c) conviction had been fully served day for day, it still acted as part of an aggregate sentence barring Mancillas from eligibility to earn ETCs." *Id.*

The Fourth Circuit issued an unpublished decision on October 3, 2023, *McNeill v. Ramos*, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023)(unpublished), in which it upheld the district court's finding that "McNeill was ineligible for sentencing time credits. *See* 18 U.S.C. §3632(d)(4)(D)(xxii)." In the underlying case, petitioner was serving a current sentence for possession with the intent to distribute 500 grams or more of cocaine, a quantity of cocaine base (crack), and a quantity of marijuana in violation of 21 U.S.C. §841(a)(1), and for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A). *See McNeill v. Ramos,* No. 5:22-hc-02134-M-RJ (E.D.N.C. Apr. 12, 2023), *aff'd by* 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023). One of McNeill's alternative arguments is instructive. In the alternative argument, McNeill argued that even though he was serving a sentence for a conviction under §924(c) and statutorily ineligible to receive time credits, he should receive partial FSA time credits for his consecutive drug-crime sentence. The district court found the argument was statutorily foreclosed quoting:

> 18 U.S.C. §3584(c) ('multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.'); *accord Goodman*, No. 4:22-cv- 00981, 2022 WL 18028148, at *3 (rejecting an argument that a §2241 petitioner's sentences for different offenses may be bifurcated to allow receipt of partial FSA 'time credits,' because this argument 'runs counter to the plain language of 18 U.S.C. §3584(c)'); *Keeling v. LeMaster*, No. 22-CV-00096- GFVT, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022)(Denying a §2241 petition seeking FSA 'time credits' because the petitioner's aggregate sentence included a §924(c) conviction); *Sok v. Eischen*, No. 22-CV-458

(ECT/LIB), 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022) ("Because petitioner's aggregate sentence includes a sentence predicated on a violation of 18 U.S.C. §924(c) he is ineligible to earn time credits under the First Step Act."), report and recommendation adopted, No. 22 CR-458 (ECT/LIB), 2022 WL 17128929 (D. Minn. Nov. 22, 2022).

*Id.* (ECF No. 7).

Based on the mandatory statutory language of 18 U.S.C. §3584(c), for administrative purposes, the BOP's aggregation of consecutive sentences for the purpose of determining that Petitioner is ineligible to earn FSA time credits due to the disqualifying offense stemming from the §924(c) conviction is proper.

Plaintiff has failed to state a claim upon which relief can be granted and this action is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended  that the Petition in this case be denied and dismissed without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 4, 2025
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).